Case 9:09-cv-82406-KLR Document 1 Entered on FLSD Docket 12/10/2009 Page 1 of 9

FILED by ___ D.C.
ELECTRONIC

Dec. 10, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

**09-82406-Civ-Cohn/Seltzer**

DAVID ADAMS, JOHNNIE L. ADAMS,
JOHN K. AGNEW, WILLIE L. BENS,
DERRICK BOUIE, ALEX BRINKLEY,
SUSAN BRODRICK, LEROY CARRIGAN,
MICHAEL CHAPPEL, OZZIE CHARLES,
BRATHRAM COLLINS, JARVIS DANIELS,
ODVIL M. FRAZIER, RICHARD GRICE,
JABARI HARRIS, ELVIS HARVEY,
NORMAN L. HARRIS, TERRY HUGHES,
DEVALL N. HUTCHINSON, EDWARD M. JOHNSON, JR.,
DONALD JOSEPH, KING S. KINDRED, JR.,
TERRY T. LAMPKIN, SR., HARVEY LEE, JR.,
COY LOCKETT, LEROY LOVE, JR.,
WILLIE MARSHALL, CHARLES L. McCRONE,
JONATHON MONTES, MELVIN MOORE, JR.,
RAYMOND MOORE, JR., JOHN NELSON,
JAMES PALMER, LAMAR S. POWELL, III,
KIMBERLY ANN ROYAL, RODNEY RUDDOCK,
RONALD K. SAGE, JR., MURPHY L. SCARBROUGH,
DAMON SCOTT, JOSE MANUEL SEGURA,
JIMMIE SIMETON, SIDNEY SYLDELL,
ALBERTO TENIETE, RANDY E. VIRGIL,
JERMAINE WASHINGTON, RONALD ODELL WARD,
MELVIN WESTON, JR., JERRY D. WILLIAMS,
TONY WILLIAMS, WENDELL WILLIAMS,
CARL D. WILLIS, SR., and WILLIE WIMBERLY,

      Plaintiffs, individually and collectively,

v.

BARNARD CONSTRUCTION COMPANY,
INCORPORATED, a foreign corporation licensed to do
business in the State of Florida.

      Defendant.
_____/

## COMPLAINT

1

Plaintiffs, David Adams, Johnnie L. Adams, John K. Agnew, Willie L. Bens, Derrick Bouie, Alex Brinkley, Susan Brodrick, Leroy Carrigan, Michael Chappel, Ozzie Charles, Brathram Collins, Jarvis Daniels, Odvil M. Frazier, Richard Grice, Jabari Harris, Elvis Harvey, Norman L. Harris, Terry Hughes, Devall N. Hutchinson, Edward M. Johnson, Jr., Donald Joseph, King S. Kindred, Jr., Terry T. Lampkin, Sr., Harvey Lee, Jr., Coy Lockett, Leroy Love, Jr., Willie Marshall, Charles L. McCrone, Jonathon Montes, Melvin Moore, Jr., Raymond Moore, Jr., John Nelson, James Palmer, Lamar S. Powell, III, Kimberly Ann Royal, Rodney Ruddock, Ronald K. Sage, Jr., Murphy L. Scarbrough, Damon Scott, Jose Manuel Segura, Jimmie Simeton, Sidney Syldell, Alberto Teniete, Randy E. Virgil, Jermaine Washington, Ronald Odell Ward, Melvin Weston, Jr., Jerry D. Williams, Tony Williams, Wendell Williams, Carl D. Willis, Sr., and Willie Wimberly individually and collectively (hereinafter referred to as "Plaintiffs") sue the Defendant, Barnard Construction Company, a foreign corporation licensed to do business in Florida (hereinafter referred as "Defendant") and states:

## NATURE OF ACTION

1. The Plaintiffs were employees of the Defendant and bring this action on behalf of themselves individually and collectively for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 1938, 29 U.S.C. §216(b) (hereinafter "FLSA").

2

## JURISDICTION AND VENUE

2. Defendant is a foreign corporation d/b/a in Florida and operates a business in Palm Beach County, Florida and within the jurisdiction of this Court.

3. Defendant contracted with South Florida Water Management District ("SFWMD") to build an above ground lake, approximately 22 miles in circumference. The total cost of this project was eight hundred million dollars ($800,000,000.00).

4. At all times material hereto the Plaintiffs, individually and collectively were employed by the Defendant and working on a project referred to as Everglades Area Agriculture Reservoir A-1 Project, ("Project") in Palm Beach County, Florida.

5. The Defendant's registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301-2525.

6. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29.U.S.C. §216(b).

7. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce for commerce as defined by the Act, 29 U.S.C. §203(r) and §203(s).

8. The annual gross sales volume of Defendant is in excess of $500,000.00 per annum.

## FACTS

9. Plaintiffs were employed by the Defendant and began work in May 2007. The Plaintiffs had been actively recruited from their other jobs with the assurance of the Defendant that Plaintiffs would receive higher pay and the Project would last at least three (3) years.

10. In May, 2008 SFWMD halted the Project and agreed to pay the Defendant 1.9 million dollars a month, for six (6) months after the cessation of the work and until certain issues regarding the environment were worked out with the U.S. Corps of Engineers. The Project never started up again. The SFWMD paid the Defendant an additional 2.5 million dollars to cancel the contract.

11. At the time of their recruiting and employment, Defendant was aware of these environmental issues raised by the U.S. Corps of Engineers as early as May of 2007 and failed to inform the Plaintiffs, that the project could be shut down.

12. Plaintiffs were terminated in May 2008. Plaintiffs had different job descriptions, which ranged from heavy equipment operators to laborers. All Plaintiffs regardless of their job description were require to report to the Project 15 to 30 minutes before going on shift and required to remain, at their job sites, 30 to 60 minutes after their shift was completed. Plaintiffs were not paid for this "off the clock" time.

13. Plaintiffs' job descriptions are as follows:

    (a) Heavy Equipment Operators - D. Adams, Agnew, Frazier, Grice, Moore, Sage, Virgil, and Wimberly.

    (b) Loader Operator - J. Adams.

    (c) Crusher Operator - Brinkley.

4

(d) Truck Drivers - Brodrick, Harvey, Lee, Montes, Powell, Royal, J. Williams and Willis.

(e) Bulldozer Operator - W. Williams.

(f) Technicians - Harris, and Ruddock.

(g) Laborers - Bens, Bouie, Carrigan, Chappel, Hutchinson, Johnson, Joseph, Kindred, Lampkin, Love, Marshall, McCrone, Moore, Nelson, Palmer, Scarbrough, Scott, Segura, Simeton, Syldell, Teniete, Washington, Ward, Weston, T. Williams.

14. The Plaintiffs' salaries for their respective job descriptions are as follows:

(a) Heavy Equipment Operator, $24.72 an hour.

(b) Loader Operator, $18.75 an hour.

(c) Crusher Operator, $21.61 an hour.

(d) Truck Driver, $16.46 an hour.

(e) Bulldozer Operators, $24.30 an hour.

(f) Technicians, $18.52 an hour.

(g) Laborers, $14.41 an hour.

15. The main purpose of the Defendant in requiring the Plaintiffs to report early to the Project before going on shift was to attend safety meetings, receive their job assignments and advise as to the job site on the Project where they would be working that day.

16. Defendant required Plaintiffs to remain, at the job site, after their eight-hour shift was completed, return and/or service equipment. The Plaintiffs were not paid for this "off the clock" time.

17. At all times pertinent to this Complaint, Defendant failed to comply with the FLSA, in that Defendant failed to properly pay Plaintiffs for all hours worked in excess of forty (40) within a work week. (29 U.S.C. §§201-209)

18. In the course of employment with Defendant, Plaintiffs were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks. Specifically, Plaintiffs were required to report for work 30 to 60 minutes prior to going on shift and work 30 to 60 minutes after shift was over each day.

19. On one or more work weeks, Plaintiffs worked overtime hours, but Defendant failed to pay time–and-a-half wages for overtime hours worked.

20. The records, if any, concerning the number of hours actually worked by Plaintiffs and the compensation actually paid to such employee, should be in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

21. Plaintiffs readopt and re-allege all allegations contained in Paragraphs 1 through 20 above.

22. Plaintiffs are entitled to be paid time and one-half of their regular rates of pay for each hour worked in excess of forty (40) hours per work week. Plaintiffs are owed their overtime rate for each overtime hour they worked and were not properly paid.

23. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and attorney's fees.

24. As a result of Defendant's willful violation of the FLSA, all Plaintiffs are entitled to liquidated damages.

25. Plaintiffs have retained the undersigned counsel and pursuant to the FLSA are entitled to recover his reasonable attorneys' fees and costs from Defendant.

26. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, David Adams, Johnnie L. Adams, John K. Agnew, Willie L. Bens, Derrick Bouie, Alex Brinkley, Susan Brodrick, Leroy Carrigan, Michael Chappel, Ozzie Charles, Brathram Collins, Jarvis Daniels, Odvil M. Frazier, Richard Grice, Jabari Harris, Elvis Harvey, Norman L. Harris, Terry Hughes, Devall N. Hutchinson, Edward M. Johnson, Jr., Donald Joseph, King S. Kindred, Jr., Terry T. Lampkin, Sr., Harvey Lee, Jr., Coy Lockett, Leroy Love, Jr., Willie Marshall, Charles L. McCrone, Jonathon Montes, Melvin Moore, Jr., Raymond Moore, Jr., John Nelson, James Palmer, Lamar S. Powell, III, Kimberly Ann Royal, Rodney Ruddock, Ronald K. Sage, Jr., Murphy L. Scarbrough, Damon Scott, Jose Manuel Segura, Jimmie Simeton, Sidney Syldell, Alberto Teniete, Randy E. Virgil, Jermaine Washington, Ronald Odell Ward, Melvin Weston, Jr., Jerry D. Williams, Tony Williams, Wendell Williams, Carl D. Willis, Sr., and Willie Wimberly individually and collectively, demand judgment against Defendant, Barnard Construction Company Inc., for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via U.S. Mail to the Clerk, USDC, Southern District, on this the date of December 9TH 2009.

          The Law Office of Frank J. McKeown, Jr., P.A.

          Counsel for Plaintiffs
          Concourse Towers 1 – Suite 701
          2000 Palm Beach Lakes Boulevard
          West Palm Beach, FL  33409
          Telephone:    561.832.5650
          *Facsimile*:    561.688.9985

          By: _____
               FRANK J. McKEOWN, JR., Esquire
               Florida Bar No.: 053279

8

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

Dec. 10, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

D.C.
ELECTRONIC

### I. (a) PLAINTIFFS
David Adams, et al.

### DEFENDANTS
BARNARD Constr, a foreign corporation licensed to business in State of Florida

**(b)** County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
LAW OFFICES OF
FRANK J. MCKEOWN, JR., P.A.
CONCOURSE TOWER 1, SUITE 701
2000 PALM BEACH LAKES BOULEVARD
WEST PALM BEACH, FL 33409
(561) 832-5650

Attorneys (If Known):
Alexander D. del Russo
Carlton Fields PA.
P.O. Box 150, W.P.B. FL 33402

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

09CV82406 JIC/BSS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☒ YES ☐ NO
JUDGE Ryskamp/Vitunac    DOCKET NUMBER 9:08-cv-8118-KLR

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act as Amended 1938
29 USC § 216
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess $15,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD: Frank J. McKeown, Jr.
DATE: 12/9/09

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 726686    IFP